Filed 9/3/24  P. v. Mendoza CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOHN GILBERT MENDOZA,<br><br>    Defendant and Appellant. | A167028<br><br>(Mendocino County Super. Ct.<br>No. SCUK-CRCR-2006-707412) |

**MEMORANDUM OPINION**[1]

Defendant John Mendoza contends that the trial court erred by relying on the factual summary contained in this court's prior opinion, *People v. Mendoza*, case No. A117658, to conclude that Mendoza was convicted as an actual killer and, therefore, ineligible for resentencing relief.[2]  The People concede the error, and we agree.  We reverse.

Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015) amended the felony murder rule and the natural and probable consequences

---

[1] We resolve this case by memorandum opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  We do not belabor "the facts of the case and its procedural history" because our opinion is unpublished, and the parties know or should know those facts.  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

[2] We grant the People's request to take judicial notice of the record on appeal in *People v. Mendoza*, case No. A117658.

1

doctrine, and it added Penal Code section 1170.95 to allow convicted murderers to seek resentencing if they could not be convicted of murder under the amended statute.[3]  (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).)  Pursuant to section 1172.6, a petitioner must first file a petition with the sentencing trial court.  (§ 1172.6, subd. (a).)  A properly pleaded petition then requires the court to appoint counsel and conduct a prima facie review.  (§ 1172.6, subds. (b), (c); see *Lewis*, pp. 961–967.)  If the petitioner states a prima facie case, the court must issue an order to show cause and hold an evidentiary hearing unless the parties stipulate to the petitioner's eligibility for resentencing.  (§ 1172.6, subds. (c), (d)(1)–(2); *Lewis*, p. 962.)

The prima facie inquiry is "limited."  (*Lewis*, *supra*, 11 Cal.5th at p. 971.)  The petitioner's factual allegations must be taken as true, and the trial court merely determines " ' "whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' "  (*Ibid.*)  The court may also look at the record of conviction, which generally includes appellate opinions.  (*Id.* at pp. 971–972.)  But Senate Bill No. 775 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 551) amended section 1172.6 and limited courts' use of prior appellate opinions to only "consider the procedural history of the case recited."  (§ 1172.6, subd. (d)(3).)  As this court has explained, the factual summary in an appellate opinion may not be considered at the prima facie determination stage or the evidentiary hearing.  (*People v. Beaudreaux* (2024) 100 Cal.App.5th 1227, 1238.)

---

[3] All further statutory references are to Penal Code unless otherwise indicated.  Assembly Bill No. 200 (2021–2022 Reg. Sess.), effective June 30, 2022, amended section 1170.95 and renumbered it to section 1172.6.  (See Stats. 2022, ch. 58, § 10.)  We refer to the statute by its current number in this opinion.

Here, Mendoza filed a resentencing petition relating to his guilty plea to second degree murder. (§ 187, subd. (a).) On the petition, he checked the appropriate boxes to state a prima facie case. But expressly "rely[ing] on the record of conviction, which included the abstract of judgment and the appellate court opinion," the trial court denied the petition. Mendoza appealed.

As the People succinctly state, the trial court "erred by relying on the factual summary contained in the prior appellate opinion to deny appellant's petition at the prima facie stage." (See *People v. Bratton* (2023) 95 Cal.App.5th 1100, 1113.) This warrants reversal. (*Id.* at pp. 1113–1114.)

Separately, we conclude the record does not demonstrate, as a matter of law, Mendoza's ineligibility for resentencing relief at the prima face stage. (*People v. Bratton*, *supra*, 95 Cal.App.5th at p. 1113 [de novo standard of review].) "In the plea context, a petitioner convicted of murder is ineligible for resentencing if the record establishes, as a matter of law, that (1) the complaint, information, or indictment did not allow the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or another theory of imputed malice; (2) the petitioner was not convicted under such theory; or (3) the petitioner could presently be convicted of murder [under the amended law]." (*People v. Flores* (2022) 76 Cal.App.5th 974, 987.) Here, the record contains facts tending to negate such a showing — other individuals were involved in the underlying murder and neither the information nor the plea specified or excluded any particular theory of murder. Accordingly, Mendoza adequately established a prima facie claim for relief, and the trial court erred in denying his petition. (See *ibid.*)

## DISPOSITION

The ruling denying Mendoza's petition for resentencing is reversed, and the matter is remanded with directions to issue an order to show cause and to hold an evidentiary hearing.

DOUGLAS, J.*

We concur:

BROWN, P. J.
GOLDMAN, J.

*People v. Mendoza* (A167028)

---

\* Judge of the Superior Court of California, County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.